FILED/COPY
AT_____ O'CLOCK____M

NO. C-0259-12-E

[ ] 2 7 2012

LAURA HINOJOSA, C[lerk]

| | | |
|---|---|---|
| ARNOLDO GUTIERREZ | § | IN THE DISTRICT COURT OF |
| V. | § | HIDALGO COUNTY, TEXAS |
| REUVEN KIGELMAN, T.P.T. SYSTEMS, INC. and 673753 ONTARIO LIMITED D/B/A TRAFFIX | § § § | 275th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ARNOLDO GUTIERREZ, Plaintiff in the above entitled and numbered cause, complaining of and against REUVEN KIGELMAN, T.P.T. SYSTEMS, INC. and 673753 ONTARIO LIMITED D/B/A TRAFFIX, Defendants herein, and for cause of action would respectfully show unto the Court the following:

I.

Discovery is intended to be conducted under Level 2 of the Texas Rules of Civil Procedure 190.

II.

Plaintiff, ARNOLDO GUTIERREZ is a resident of Hidalgo County, Texas. Per the Civil Practice & Remedies Code §30.014, Plaintiff's information is as follows - TDL: xxxxx104.

Defendant, REUVEN KIGELMAN, is an individual residing in Canada who was a party to a collision or an accident while operating a motor vehicle in Virginia and may be properly served pursuant to the terms of the Hague Convention of 15 November 1966 on

1



the service abroad of Judicial and Extra Judicial documents in civil or commercial matters. Triplicate originals of process with this petition to Defendant REUVEN KIGELMAN are to be forwarded to the Central Authority of the federal Republic of Canada as required by the Hague Convention, at

>Ministry of the Attorney General
>Ontario Court of Justice
>393 Main Street
>Haileybury, Ontario
>Canada P0J 1K0
>Tel: (705) 672-3395x214
>Fax: (705) 672-3360

Also, Defendant, REUVEN KIGELMAN's last known address is:

>98 North Meadow Cres
>Thornhill ON L4J 3B1
>Canada

Service will be accomplished through Judicial Process and Support, Biscayne Building, 19 West Flager St., Suite 717, Miami, FL 33130, in accordance with The Hague Convention.

Defendant, T.P.T. SYSTEMS, INC. is a Canadian corporation doing business in the State of Virginia. Plaintiff will accomplish service on Defendant T.P.T. SYSTEMS, INC. under the terms of The Hague Convention for the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Convention") entered into at The Hague, Netherlands, on November 15, 1965. Said Convention was subsequently duly ratified by the properly constituted officials in both nations and

thereafter entered into force. Service will be made upon Defendant T.P.T. SYSTEMS, INC., by and through its last known Chairman, Deputy Chairman and CEO or Deputy CEO and Director, pursuant to Article 3 and 5(a) of the Convention by forwarding the petition, along with duplicate copies of the requisite request, certificate, and summary and along with translation, if needed, of this petition by international airmail or Federal Express to the person designated by Canada for purposes of service pursuant to the Convention; who is:

> Ministry of the Attorney General
> Ontario Court of Justice
> 393 Main Street
> Haileybury, Ontario
> Canada P0J 1K0
> Tel: (705) 672-3395x214
> Fax: (705) 672-3360

Also, Defendant, T.P.T. SYSTEMS, INC.'s corporate office is:

> 8600 Escarpment Way
> Milton ON L9T 0M1
> Canada

Service will be accomplished through Judicial Process and Support, Biscayne Building, 19 West Flager St., Suite 717, Miami, FL 33130, in accordance with The Hague Convention.

Defendant, 673753 ONTARIO LIMITED D/B/A TRAFFIX is a Canadian corporation doing business in the State of Virginia. Plaintiff will accomplish service on Defendant 673753 ONTARIO LIMITED D/B/A TRAFFIX under the terms of The Hague Convention for the Service Abroad of Judicial and Extrajudicial Documents in Civil or

Commercial Matters ("the Convention") entered into at The Hague, Netherlands, on November 15, 1965. Said Convention was subsequently duly ratified by the properly constituted officials in both nations and thereafter entered into force. Service will be made upon Defendant 673753 ONTARIO LIMITED D/B/A TRAFFIX, by and through its last known Chairman, Deputy Chairman and CEO or Deputy CEO and Director, pursuant to Article 3 and 5(a) of the Convention by forwarding the petition, along with duplicate copies of the requisite request, certificate, and summary and along with translation, if needed, of this petition by international airmail or Federal Express to the person designated by Canada for purposes of service pursuant to the Convention; who is:

>Ministry of the Attorney General
>Ontario Court of Justice
>393 Main Street
>Haileybury, Ontario
>Canada P0J 1K0
>Tel: (705) 672-3395x214
>Fax: (705) 672-3360

Also, Defendant, 673753 ONTARIO LIMITED D/B/A TRAFFIX's corporate office is:

>375 Wheelabrator Way
>Milton, ON  L9T 3C1
>Canada
>(905) 875-0708

Service will be accomplished through Judicial Process and Support, Biscayne Building, 19 West Flager St., Suite 717, Miami, FL 33130, in accordance with The Hague Convention.

III.

On or about June 8, 2011, Plaintiff, ARNOLDO GUTIERREZ was involved in an accident which occurred 2 miles South of Mt. Olive Road, Shenandoah County, Virginia. At the time in question, Plaintiff sustained serious and disabling injuries when the vehicle he was driving was struck by a lost wheel from a vehicle which was operated by Defendant, REUVEN KIGELMAN and owned/leased by Defendants, T.P.T. SYSTEMS, INC. and/or 673753 ONTARIO LIMITED D/B/A TRAFFIX.

IV.

At the time of the accident made the basis of this suit, Defendant, REUVEN KIGELMAN was operating the aforementioned vehicle in a negligent and careless manner in the following respects which, among others, may be shown at the trial of this cause:

1. In failing to keep a proper lookout;
2. In failing to timely make application of his brakes;
3. In failing to timely swerve or otherwise maneuver his vehicle so as to avoid the collision made the basis of this suit;
4. In failing to operate the vehicle in a reasonable and prudent manner;
5. In failing to operate the vehicle in obedience to traffic laws and regulations;
6. In violation of the VIRGINIA TRANSP. CODE ANN. §46.2-852 *et seq.*;
7. Driver inattention;
8. In failing to exercise ordinary care when securing the truck wheel in question;
9. In failing to exercise ordinary care when loading and/or unloading the truck wheel;
10. In failing to properly inspect the wheel to insure it had been properly secured prior to embarking upon a public highway;
11. In failing to properly train its employees to inspect the wheels to insure it had been properly secured prior to embarking upon a public highway;
12. In failing to properly train its employees in operating the loaded vehicle; and
13. In failing to utilize appropriate devices to insure the wheel was properly secured.

Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries sustained by the Plaintiff.

V.

Defendant, REUVEN KIGELMAN, was an agent and/or servant of Defendants, T.P.T. SYSTEMS, INC. and/or 673753 ONTARIO LIMITED D/B/A TRAFFIX. As such, Defendants are responsible for the conduct of Defendant, REUVEN KIGELMAN due to the master-servant relationship which existed, and under the doctrine of Respondeat Superior.

Defendant, REUVEN KIGELMAN, was an employee, agent and/or servant of Defendants, T.P.T. SYSTEMS, INC. and/or 673753 ONTARIO LIMITED D/B/A TRAFFIX. As such, Defendants, T.P.T. SYSTEMS, INC. and/or 673753 ONTARIO LIMITED D/B/A TRAFFIX are responsible for the conduct of Defendant, REUVEN KIGELMAN, among other acts and omissions of negligence which may be shown at the trial of this cause. Additionally, and without waiving any of the foregoing, said Defendants, T.P.T. SYSTEMS, INC. and/or 673753 ONTARIO LIMITED D/B/A TRAFFIX negligently entrusted the vehicle and duties and responsibilities to Defendant, REUVEN KIGELMAN, because they knew and/or had reason to know that he was not a safe and prudent driver. The negligence was a proximate cause of Plaintiff's damages.

Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries

sustained by Plaintiff.

## VI.

Plaintiff, ARNOLDO GUTIERREZ, would show that nothing that he did, or failed to do, in any way contributed to this accident.

## VII.

Said elements of damage which Plaintiff, ARNOLDO GUTIERREZ seeks to recover from the Defendants include compensation for the following:

1. The physical pain and disability sustained by Plaintiff from date of injury to the time of trial;
2. Future physical pain and disability reasonably anticipated to be sustained by Plaintiff in the future;
3. Mental anguish and suffering sustained by Plaintiff from date of injury to time of trial;
4. Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;
5. Loss of earnings sustained by Plaintiff from date of injury to time of trial;
6. Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;
7. Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;
8. Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;
9. Past and future physical disfigurement; and
10. Past and future physical impairment.

As such, Plaintiff, ARNOLDO GUTIERREZ, affirmatively plead that he seeks monetary relief aggregating more than $100,000.00.

## VIII.

In the alternative, Plaintiff would show that if any injury and/or condition from which he currently suffers was pre-existing, then such condition was aggravated and/or

exacerbated by the negligence of the Defendants herein.

IX.

In the alternative, Plaintiff would show that if he suffers from any subsequent injury and/or condition then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

X.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that these Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recovers from said Defendants, jointly and severally, a sum in excess of the minimum jurisdictional limits of the Court, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled.

Respectfully submitted,

STERN, MILLER & HIGDON

_____
PAUL A. HIGDON
SBN: 09580700
4909 Bissonnet St., Suite 100
Bellaire, Texas 77401
713/661-9900
713/666-5922 Facsimile

ATTORNEY FOR PLAINTIFF